UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETTISVILLE GRAIN CO., | ) |
| Plaintiff, | ) ) ) |
| v. | )     No. 4:15-cv-01717-AGF |
| SYNGENTA AG, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file.  The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases."  *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).  "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."  *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

The complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.  The complaint alleges that Plaintiff is an Ohio corporation with its principal place of business in Ohio and that "Defendants are incorporated and have their principal places of business in states other than the state in which the named Plaintiff resides."  (Doc. No. 1 at 5.)  The complaint goes on to allege each Defendant's state of incorporation and its principal place of business.  However, one Defendant, Syngenta Crop Protection, LLC, is a limited liability company.

Plaintiff apparently assumes that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). That is incorrect. Rather, a limited liability company is a citizen of every state of which any member is a citizen. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, in order to determine whether complete diversity of citizenship exists in this case, the Court must examine the citizenship of each member of Syngenta Crop Protection, LLC. The complaint contains no allegations concerning the members of this Defendant, or their citizenship.

The Court will grant Plaintiff seven (7) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If Plaintiff fails to timely and fully comply with this Order, the Court may dismiss this matter without prejudice for lack of subject matter jurisdiction.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that within **ten (10) days from the date of this Order**, Plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each party. If Plaintiff fails to timely and fully comply with this Order, this matter may be dismissed without prejudice for lack of subject matter jurisdiction.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2015.